**Mei Ying ZHENG, Petitioner–Appellant,**

v.

**John ASHCROFT, Respondent–Appellee.**

No. 02–4920.

United States Court of Appeals, Second Circuit.

Feb. 11, 2005.

Thomas V. Massucci, New York, NY, for Appellant.

Kathy S. Marks, Assistant United States Attorney, Southern District of New York, New York, NY, for Appellee.

878

Present: POOLER, B.D. PARKER, Circuit Judges, and CASTEL, District Judge.*

## SUMMARY ORDER

Mei Ying Zheng (petitioner) appeals from an order of the Bureau of Immigration Appeals affirming, without opinion, an order of an Immigration Judge ("IJ") that (1) directed petitioner's removal from the United States; (2) found her not eligible for asylum; (3) found her not eligible for withholding of removal; and (4) found her ineligible for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment.

We assume the parties' familiarity with the facts, underlying proceedings, and specification of appellate issues.

We may reverse an IJ's determination for lack of substantial evidence "only if no reasonable fact-finder" would have made that finding. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (internal quotation marks omitted). Petitioner, a former nursing student, testified that police officers repeatedly visited her home to arrest her because she refused to participate in a forced abortion and complained to various officials about the requirement that she so participate. Petitioner did not personally observe the police visits and relied on information conveyed to her by relatives including her parents. Although petitioner's parents furnished a statement on other issues, they did not mention the police visits. Petitioner offered no persuasive reason for her failure to obtain verification from her parents and offered no objective evidence that arrest was likely as a result of her behavior. A reasonable fact finder could well find, based on this record, that petitioner had not established a likelihood that she would be arrested if returned to China.

We have considered petitioner's remaining arguments and found that they lack merit. Contrary to petitioner's contention, the State Department's 1999 Human Rights Report on China does not give even indirect support to her contention that she would be arrested if she returned to China. *See* Bureau of Democracy, Human Rights, and Labor, United States Department of State, *1999 Country Reports on Human Rights Practices* (Released February 25, 2000), available at www.state.gov/www/global/human_rights/1999_hrp_report/china.html (last visited January 21, 2005). The IJ also did not err by (1) considering material and substantial inconsistencies between petitioner's asylum application and her testimony, *see Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 308 (2d Cir.2003) (discussing standard); or (2) by relying on her failure to furnish verification from her parents of police visits to their home to arrest petitioner, *see Zhang v. U.S. I.N.S.,* 386 F.3d 66, 78 (2d Cir.2004) (describing circumstances under which an IJ could reasonably rely on a petitioner's failure to obtain like verification).

We therefore affirm the order of the BIA.

*The Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, sitting by designation.